THOMPSON, Judge.
Byron Thomas Alford (“Mr. Alford”) and Margaret F. Alford (“Mrs. Alford”) were killed in an automobile accident on June 23, 2002. The Alfords’ daughters, Jessica Marla Alford and Catherine Elizabeth Alford, were also killed in the June 23, 2002, accident.
On July 24, 2002, Jessie B. Finocchio[1] petitioned the Jefferson County Probate Court for letters testamentary for Mr. Alford’s estate. On that same date, the probate court entered an order granting Finocchio’s petition and issuing her the letters testamentary.
On February 19, 2003, Finocchio, as the personal representative of Mr. Alford’s estate (hereinafter “the estate”), petitioned the Circuit Court of Jefferson County, Bessemer Division, for an order removing the probate action from the probate court. The circuit court entered a removal order on March 13, 2003.
On May 15, 2003, Annie Lou Alford Tankersley filed in the circuit court a claim asserting that she, as the “only surviving paternal heir of [Mr. Alford],” was entitled to one-half of Mr. Alford’s residual estate. Tankersley also moved the circuit court to require Finocchio to disclose an inventory of Mr. Alford’s estate. On May 20, 2003, Tankersley filed a discovery request for the production of documents.
The estate responded to Tankersley’s claim by asserting that Tankersley was not entitled to an interest in Mr. Alford’s estate. The estate moved for a protective order with regard to the discovery request and the request for an inventory, and it moved for a summary judgment. Tank-ersley filed a response in opposition to the estate’s summary-judgment motion, and she moved for a summary judgment.
After conducting a hearing at which Tankersley’s attorney participated by telephone, the circuit court, on November 11, 2003, entered a judgment granting the estate’s summary-judgment motion and its motion for a protective order. In its November 11, 2003, judgment, the circuit court denied Tankersley’s motion for a summary judgment, stating that Tankers-ley had “no claim to or right in the estate of [Mr. Alford], and ... that said estate is devised to Margaret F. Finocchio[2] by and *934 through her personal representative.” Tankersley timely appealed, and our supreme court transferred this case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. In reviewing a summary judgment, this court applies the same standard as the trial court. All evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved in favor of the non-movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). After the moving party makes its prima facie showing, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). The nonmoving party is required to present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Tankersley raises several arguments in her brief on appeal. However, because we conclude that the issue whether the circuit court erred in entering a summary judgment in favor of the estate is dispositive of this appeal, we pretermit consideration of the other issues Tankersley raises.
Tankersley argues that the circuit court erred in entering a summary judgment in favor of the estate, thus negating her alleged interest in Mr. Alford’s estate. The provision of Mr. Alford’s will that is at issue reads as follows:
“If my spouse [(Mrs. Margaret Alford)] survives me, I give all of my residue estate being all property, real or personal, wherever situated, in which I may have any interest at my death not otherwise effectively disposed of, to my spouse as of the date and hour of my death.”
In this case, Mr. Alford and Mrs. Alford died on the same day, in a common accident. In addressing such a situation, Alabama’s Probate Code provides:
“A devisee who does not survive the testator by five days is treated as if he predeceased the testator, unless the will of decedent contains some language dealing explicitly with simultaneous deaths or deaths in a common disaster, or requiring that the devisee survive the testator or survive the testator for a stated period in order to take under the will.”
§ 43-8-220, Ala. Code 1975 (emphasis added).
Mr. Alford’s will did not make any provision regarding the possibility of simultaneous deaths from a common accident or disaster, but it did state that Mrs. Alford would receive an interest in Mr. Alford’s residual estate if she survived him. Therefore, under § 43-8-220, Mrs. Alford is not treated as having predeceased Mr. Alford.
In reaching its judgment in this case, the circuit court implicitly found that Mrs. Alford did survive Mr. Alford, even if for only a brief time. On appeal, however, Tankersley argues that the evidence in the record simply does not indicate whether Mrs. Alford actually survived Mr. Alford, and, therefore, that the circuit court erred in determining that there was no genuine issue of material fact with regard to that issue. Tankersley contends that the evidence is insufficient to determine whether Mrs. Alford survived Mr. Alford.
*935 In this case, the evidence the estate presented in support of its motion for a summary judgment was Mr. Alford’s will, an affidavit executed by Finocchio, and the coroner’s reports and death certificates for both Mr. Alford and Mrs. Alford. Finoc-chio’s affidavit states that the coroner’s reports and the death certificates for Mr. Alford and Mrs. Alford “confirmed” that Mrs. Alford survived Mr. Alford. The coroner’s reports for both Mr. Alford and Mrs. Alford stated that the coroner “arrived on the scene at 7:25 and ... was informed that there were four fatalities from the same vehicle.” The coroner reported that he pronounced Mr. Alford dead at 7:30 p.m. on June 23, 2002. That report also indicates that Mr. Alford “died instantly on impact due to severe open head trauma.” The coroner’s report for Mrs. Alford indicates that the coroner pronounced Mrs. Alford dead at 7:32 p.m. on June 23, 2002, and that Mrs. Alford died as a result of “closed head injuries.”
The death certificates for both Mr. Alford and Mrs. Alford contain a line to indicate the “time and date of death.” On both Mr. Alford’s and Mrs. Alford’s death certificates, those lines are left blank. However, the death certificates indicate that Mr. Alford and Mrs. Alford were pronounced dead at 7:30 p.m. and 7:32 p.m., respectively.
In opposition to the estate’s motion for a summary judgment, Tankersley submitted the affidavit of the St. Clair County coroner, Dennis Russell. In that affidavit, Russell stated:
“Upon arrival [at the accident scene on June 23, 2002], I found that there were two occupants in the front driver’s and passenger’s seats of a black Ford sedan. Two occupants that had been in the rear seat had been ejected from the vehicle. In my capacity as Coroner, I pronounced all four occupants of the sedan to be deceased.
“While making my official report, I wrote about the driver of the Ford sedan, ‘Mr. Byron Alford was pronounced dead at the scene at 7:30 p.m.’ While making my official report regarding the front seat passenger in the Ford sedan, Mrs. Margaret Alford, I stated ‘Mrs. Alford was pronounced dead at 7:32 p.m. from closed head injuries.’ When completing information for the respective death certificates of Mr. Alford and Mrs. Alford, the above times were listed in blank # 40 of the Alabama Certificate of Death Form. Blank # 40 is entitled, ‘Date and Time Pronounced Dead (For Coroner/ME use only).’ On the death certificate of Byron Alford, blank #40 states: ‘June 23, 2002 7:30 p.m.’ On the death certificate of Margaret Alford, blank #40 states: ‘June 23, 2002 7:32 p.m.’ These times are the time that I actually pronounced each person to be deceased. This is not intended to represent the time of death of either person. Blank # 39 on the death certificate form is entitled, ‘Time and Date of Death.’ Blank # 39 is intentionally left blank on both the death certificate of Mr. Alford, and also of Mrs. Alford.
“I understand that documents have been filed in the Circuit Court of Jefferson County, Alabama, Bessemer Division, which purport to represent that Mrs. Alford survived Mr. Alford, and as evidence a copy of the aforementioned Coroner’s Report and Alabama Certificate of Death for each of these persons has been used as evidence to indicate that I have stated or ruled that Mrs. Alford survived Mr. Alford, based upon the time on the [coroner’s] report and death certificate that I pronounced each of them as deceased. As I have explained in great detail, the times that were listed on those documents are not intended to be the time of death for either person, but merely the time that I *936 pronounced each to be deceased. I never intended this information to indicate that Mrs. Alford survived Mr. Alford. Blank # 39 on the death certificate was not left blank by omission, but rather intentionally.
“I understood the consensus of information from those at the scene of the accident to be that there were four fatalities in the Ford sedan and. there was no information to indicate that one survived the other.”
(Emphasis in original.)
In its response to Tankersley’s opposition to the motion for a summary judgment, the estate submitted a second affidavit executed by Russell. In that affidavit, Russell stated in pertinent part:
' “I have reviewed my reports and photographs of the scene of the accident. I can state that Mr. Alford ... died instantly upon impact. This is based on the extent of injuries he suffered, which were devastating. I also reviewed the same for [Mrs.]' Alford and the two other occupants of the Alford vehicle.... The injuries to [Mrs.] Alford did not appear to be severe. She had contusions and abrasions, and while she did suffer mortal injuries, I cannot state that she died immediately upon impact as with Mr. Alford. In my opinion, she could have survived for an undetermined amount of time after the collision.”
(Emphasis added.)
A close examination of the evidence in the record demonstrates that there is no evidence establishing whether Mrs. Alford actually survived Mr. Alford. Russell’s first affidavit, the coroner’s reports, and the death certificates indicate that Mr. Alford was pronounced dead before Mrs. Alford was pronounced dead. Russell’s second affidavit indicates only that Mrs. Alford might have survived Mr. Alford for some period of time, but it falls short of establishing, or even indicating, that Mrs. Alford did, in fact, survive Mr. Alford. We must agree with Tankersley that the evidence presented in support of and opposition to the estate’s motion for/a summary judgment simply does not indicate whether Mrs. Alford survived Mr. Alford. Therefore, we must conclude that the circuit court erred in entering its summary judgment.
We note that this matter might be resolved by the application of Alabama’s Uniform Simultaneous Death Act, § 43-7-1 et seq., Ala.Code 1975. The relevant portion of that Act provides:
“Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this.chapter.”
§ 43-7-2, Ala.Code 1975.
We reverse the summary judgment and remand the case for the circuit court to conduct any necessary further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.

. It appears that Finocchio is a relative of Mrs. Alford.

. This appears to be a clerical error. The record indicates that Mrs. Alford was “Margaret Finocchio Alford."